UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) C/A No. 0:05-1428-DCN-BM |
| Plaintiff, | ) |
| v. | ) **Report and Recommendation** |
| **Abdulla Muhammad**, Supervisor at Allendale Correctional Institution; **George T. Hagan**, Warden of Allendale Correctional Institution; **NFN Odom**, Sergeant at Allendale Correctional Institution; **Linda Martin**, Grievance Coordinator at Allendale Correctional Institution; and **NFN Moore**, Officer at Allendale Correctional Institution, in their personal capacity, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff, Theron Johnny Maxton, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate at the Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.



1

In the complaint, plaintiff complains about his being required to work a prison job. The plaintiff's prison job involves working with lawnmowers and gasoline. Plaintiff alleges that he has been assigned his prison job out of retaliation by the defendant Odom, a Sergeant at the Allendale Correctional Institution. Plaintiff alleges that Odom is mad at him because Odom cannot get any female correctional officers to have sex with him (defendant Odom) because the female correctional officers keep talking about the size of plaintiff's sex organ. In the "STATEMENT OF CLAIM" portion of the complaint, plaintiff writes:

> Defendant Abdulla Muhammad in his Personal Capacity as Supervisor of Horticulture, here at Allendale Correctional Institution, did with malice and Deliberatley [sic] Intent, Made the Plaintiff working conditions here at Allendale Corr. Institution a Living Nightmare out of Retaliation for the Plaintiff Filing a Grievance against Defendant Odom for Sexual Harassment and conspiracy, Defendant Muhammad with Gross Neglect and Deliberatly [sic] Indifference to Plaintiff Serious Medical Problems, have From March 28th 2005 till the Present time, have had Plaintiff working with the Lawnmowers sniffing Gas and smelling the Grass that's Being Cut, knowing that Plaintiff have Real Bad Sinus and Feet Problems, Defendant Muhammad doing this out of Retaliation for Defendant Odom, who Defendant Muhammad have a Personal Relationship with, Defendant Hagan in his Personal Capacity as Warden here at Allendale Correctional Inst. Have Refuse to take any action against any of theses [sic] Defendants or any other Staff members who can sexual harass, assault and Retaliate against inmates. Nor would Defendant Hagan Request that SCDC Internal Affairs investigate



2

> Defendant Odom sexual Harassing the Plaintiff Because of Defendant Moore, who got all this started, Defendant Odom on March 25th 2005 Approach the Plaintiff and stated that he Defendant Odom wanted to see Plaintiff Penis, Because Defendant Moore had Just call Defendant Odom over to her and officer Simpson and stated to him that he was'nt [sic] working a Penis Like Plaintiff have that's Down to Plaintiff Knees, and Defendant Moore and officer Simpson made Fun of Defendant Odom that got him mad, and Defendant Odom started telling inmates that he could'nt [sic] have sex with Defendant Moore and other Female here including Defendant Martin, and that every time that he, Defendant Odom Approach any Female officers to have sex with him, they Bring up the size of Plaintiff Penis and Laugh at him, Defendant Moore Lied to the Defendant Martin who is the Grievance Clerk that she did'nt [sic] know the Plaintiff and never said any of this, which is not ture [sic], on Five Difference [sic] occasions, Defendant Moore have Defamed Plaintiff Reputation out of Retaliation, Because [plaintiff] Refuse to Indulge in Defendant Odom and Defendant Moore sexual Grotesque about the size of Plaintiff Penis[.] Defendant Hagan never do anything to the officials that's doing this Like he scared they would Retaliate against him, nor will Defendant Hagan ask SCDC Internal Affairs to Investigate the situation here, knowing how Defendant Odom is, and that Defendant Odom claiming he having sex with most of the Females working here and that they Belong to him, untill [sic] he get tried [sic] of them[.] Defendant Odom have even tried to get the Plaintiff hurt by Staff and Inmates out of Revenge making Plaintiff Life a Living hell here at Allendale Corr. Inst.

(Complaint, at pages 3-4 [irregular capitalization and punctuation in original]).[1]



---

[1]The plaintiff recently raised similar allegations in a mandamus action: <u>Maxton v. Linda Martin, et al.</u>, Civil Action No. 0:05-0764-DCN-BM.

In his prayer for relief, the plaintiff seeks: **(1)** a preliminary injunction against all defendants; **(2)** compensatory damages of one million dollars ($1,000,000) from each defendant; **(3)** five hundred thousand dollars ($500,000) in damages from each defendant for gross negligence; **(4)** punitive damages of ten thousand dollars ($10,000) in damages from each defendant; **(5)** attorney's fees of five hundred thousand dollars ($500,000) from each defendant; and **(6)** a trial by jury.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996);

4



Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978).

The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth



---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, this case is subject to summary dismissal pursuant to the "three strikes" provision of the Prison Litigation Reform Act, Title 28 U.S.C. § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(28 U.S.C. § 1915(g)).

It can be judicially noticed that the plaintiff has filed more than three prior frivolous cases in this court, which have been deemed strikes.[3] Hence, in order to proceed without payment of the filing fee and other court costs, the



---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* <u>United States v. Parker</u>, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *See also* <u>United States v. Webber</u>, 396 F.2d 381, 386-387 (3rd Cir. 1968); <u>Fletcher v. Bryan</u>, 175 F.2d 716 (4th Cir. 1949).

plaintiff must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]

Plaintiff fails to make such a showing in his complaint. Applying liberal construction to the complaint by viewing the facts alleged for an inference of imminent danger of serious harm, the undersigned finds no such allegations in the above-captioned case because *verbal* sexual harassment does not place the plaintiff in imminent danger of serious physical injury. *See* Banos v. O'Guin, 144 F.3d 883, 884-885, 1998 U.S.App. LEXIS® 15053 (5th Cir. 1998)(in order to meet the "imminent danger of serious physical injury" exception to the three-strikes rule, the danger alleged must be imminent at the time that the plaintiff files complaint); Malik v. McGinnis, 293 F.3d 559, 562-563, 2002 U.S.App. LEXIS® 10978 (2nd Cir. 2002)(imminent danger exception to three strikes rule applies only when danger of serious physical injury exists at the time the complaint is filed); and Ashley v. Dilworth, 147 F.3d 715, 717, 1998 U.S.App. LEXIS® 13020 (8th Cir. 1998)(allegations that

---

[4] A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice. Sufficient factual allegations must be set forth to reach this threshold. *See* Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

prisoner has faced imminent danger in the past are insufficient to trigger an exception to § 1915(g)). *See also* Report and Recommendation submitted by the undersigned on June 18, 2001, in <u>Maxton v. Ulrich</u>, Civil Action No. 0:01-2552-18BD: "Since the events that placed the petitioner's life in danger happened more than one month prior to the mailing of the pleadings, the petitioner fails to satisfy the requirement of imminent physical harm at the time he mailed his pleadings." (Report and Recommendation filed on June 18, 2001, in Civil Action No. 0:01-2552-18BD, at pages 10-11, *adopted* by Judge Norton on July 12, 2001). The plaintiff's appeal in Civil Action No. 0:01-2552-18BD (Fourth Circuit Docket No. 01-7198) was dismissed under Rule 45 by the Court of Appeals on September 10, 2001.

As a result, the undersigned does not find that the plaintiff's claims relating his prison job and verbal sexual harassment fall within the "imminent danger of serious physical injury" exception to the "three strikes" rule, and, therefore, the plaintiff's case is subject to summary dismissal under that rule. *See* 28 U.S.C. § 1915(g).[5]  *See also* <u>Witzke v. Hiller</u>, 966 F. Supp. 538, 539,



---

[5]Even if the prison job and verbal sexual harassment are causing emotional distress to the plaintiff, he is not entitled to damages. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See* <u>Grandstaff v. City of Borger</u>, 767 F.2d 161
(continued...)

1997 U.S.Dist. LEXIS® 7180 (E.D.Mich. 1997)(district court may dismiss case *sua sponte* under "three-strikes" provision), *reconsideration denied*, 972 F. Supp. 426, 1997 U.S.Dist. LEXIS® 12968 (E.D.Mich. 1997).  *Cf.* In re Sargent (Cox v. Saunders), 136 F.3d 349, 1998 U.S.App. LEXIS® 2059 (4th Cir. 1998), *cert. denied*, Cox v. Sargent, 525 U.S. 854, 1998 U.S. LEXIS® 5389 (1998).  If the plaintiff pays the full filing fee, he is no longer proceeding under 28 U.S.C. § 1915, and subsection (g) would no longer be applicable.

Finally, plaintiff is not entitled to attorney's fees in this case.  A *pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action.  Kay v. Ehrler, 499 U.S. 432, 435, 1991 U.S. LEXIS® 2219 (1991).


_____

(...continued)
(5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989).  *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983.  This provision is now codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional.  *See* Zehner v. Trigg, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997 U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners.  This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

## *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                                  Respectfully submitted,

Columbia, South Carolina              Bristow Marchant
                                        United States Magistrate Judge
May 24, 2005

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" &
### The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
